FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARY PATRICIA HYNOSKI,

Plaintiff-Appellant,

v.

JOHN HARMSTON; LEA
REGIONAL MEDICAL CENTER;
JUDGE JAMES HALL; JUDGE
MICHAEL VIGIL; HONORABLE
EDWARD L. CHAVEZ; JUSTICE
PATRICIO M SERNA; JUSTICE
PETRA JIMENEZ MAES; JUSTICE
RICHARD C. BOSSON; JUSTICE
CHARLES W. DANIELS,

Defendants-Appellees.

No. 10-2181
(D.C. No. 6:09-CV-00812-MV-KBM)
(D. N.M.)

---

**ORDER AND JUDGMENT**\*

---

Before **KELLY** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

\*     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Mary Patricia Hynoski, appearing pro se, appeals the dismissal of her claims arising from injuries to her wrists, medical treatment, legal advice, and subsequent lawsuits. Although we recognize that Ms. Hynoski has faced significant medical and financial problems, we nevertheless must affirm the judgment of the district court.

I.

Ms. Hynoski formerly earned her living as a massage therapist in New Mexico. Over a decade ago she injured her right wrist when she slipped and fell at a retail food store. Defendant John Harmston, an orthopedic surgeon on staff at the Lea Regional Medical Center, performed surgery to repair the wrist. Ms. Hynoski filed a personal injury suit against the food store and, in 1997, a jury found in her favor. Her attorney did not ask Dr. Harmston to testify at the trial or argue for compensation for future medical damages.

In 2004, the right-wrist problem resurfaced and Dr. Harmston performed a second surgery. Ms. Hynoski initially recovered from the procedure, though she continued to experience right-wrist pain. The same year, she began complaining about an injury to her left wrist. Dr. Harmston recommended conservative care rather than surgery. Ms. Hynoski sent him a letter accusing him of lying and falsifying his medical records and filed a medical-board proceeding against him in 2005. Yet in 2006 she again sought his care for her left wrist. In light of the

circumstances, Dr. Harmston declined to continue a physician-patient relationship.

Ms. Hynoski initiated a pro se malpractice lawsuit in state court in October 2007 against Dr. Harmston and the medical center, alleging negligence and falsification of documents. The state trial judge granted summary judgment in favor of defendants in February 2009, a judgment that was upheld on appeal.

Unbowed by this adverse result, Ms. Hynoski repackaged her malpractice claims as federal constitutional and statutory violations, then filed the instant case. In various iterations of her complaint, she named as defendants Dr. Harmston, the medical center, the state-court judge, and all the justices of the New Mexico Supreme Court. She also sought sanctions against non-party attorneys.

The case was assigned to a magistrate judge who, because Ms. Hynoski asked to proceed in forma pauperis, reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2). Discerning several flaws in the complaint, the magistrate judge issued an order to show cause why the case should not be dismissed sua sponte. After receiving a response to the order, the magistrate judge concluded that:

> (1) The *Rooker-Feldman* doctrine bars Ms. Hynoski's challenge to the state-court judgment, *see Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007) (Under the *Rooker-Feldman* doctrine, the "district court cannot entertain constitutional claims attacking a state-court judgment,

even if the state court did not pass directly on those claims, when the constitutional attack is inextricably intertwined with the state court's judgment.") (quotation marks and alterations omitted);

(2) the defendant judges were entitled to absolute immunity from suit for performance of judicial acts, *see Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) ("[A] state judge is absolutely immune from § 1983 liability except when the judge acts in the clear absence of all jurisdiction.") (quotation marks omitted); and

(3) Dr. Harmston, the medical center, and the private attorneys are not state actors for § 1983 purposes, *see Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) ("[A] § 1983 claim . . . based on the conduct of a private individual" is appropriate only if that conduct "is fairly attributable to the state." (quotation marks omitted).

The magistrate judge therefore recommended that Ms. Hynoski's motion to proceed in forma pauperis be denied and the matter be dismissed.

Upon Ms. Hynoski's objections, the district judge conducted a de novo review and adopted the magistrate judge's recommendations. Accordingly, the court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable federal claim and as legally frivolous. The district court later denied Ms. Hynoski's several post-judgment motions for lack of merit and denied her

-4-

request to proceed in forma pauperis on appeal for lack of a reasoned, nonfrivolous argument.

II.

If a plaintiff requests in-forma-pauperis status and the district court dismisses the case under 28 U.S.C. § 1915(e)(2)(B), we review a dismissal for failure to state a claim de novo, *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999), and a dismissal based on frivolousness for abuse of discretion, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Although we liberally construe pro-se filings, *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.), *cert. denied*, 131 S. Ct. 469 (2010), "only a complaint that states a plausible claim for relief survives" dismissal proceedings, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Further, a suit "is frivolous where it lacks an arguable basis either in law or fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

On appeal, Ms. Hynoski does not confront the legal reasons for the dismissal of her case. Instead, she renews her claims of alleged constitutional violations, insisting that the state court should have allowed her malpractice case to proceed to trial so that Dr. Harmston and the medical center are held accountable for her medical injuries and complications. She also emphasizes that some defendants engaged in fraudulent misconduct.

The district court's dismissal is based on well-established principles, applied after a careful analysis of Ms. Hynoski's filings. In essence, the lawsuit attempted to attack a state-court judgment, impose liability on state-court judges entitled to absolute immunity, and bring 42 U.S.C. § 1983 claims against private parties. For the reasons stated in district court proceedings, the relief Ms. Hynoski seeks is legally unavailable.

We see no error or abuse of discretion in the district court's disposition of this matter and therefore AFFIRM. Further, we DENY Ms. Hynoski's motion to proceed in forma pauperis because her appeal has no arguable basis. *See Neitzke*, 490 U.S. at 325. We also DENY her motion to reconsider, amend, or alter the judgment; and DENY her request to submit evidence not provided to the district court.

Entered for the Court


Wade Brorby
Senior Circuit Judge